## Fetherman v. Citizens Gas Company

*Mervine & Olenik*, for plaintiffs.

*Alex L. Bensinger* and *John F. Naulty*, for defendant.

*Williams & Williams* and *George T. Robinson*, for additional defendants.

DAVIS, P. J., November 21, 1956.—Plaintiffs, Fred W. Fetherman et al., filed their complaint in trespass seeking to recover damages arising out of an explosion on February 9, 1955, at the home of plaintiff Fetherman causing damages to Fetherman's home and to the homes and persons of the other plaintiffs.

Plaintiffs allege the damage had been caused by the negligence of original defendant, Citizens Gas Company.

Original defendant then caused to be joined as additional defendants, Harry DePue and David R. Diehl, individually and trading as DePue & Diehl, and likewise the Stroudsburg Municipal Authority. Both additional defendants filed preliminary objections in the nature of a motion to strike off complaint and motion for more specific complaint to the complaint of original defendant, Citizens Gas Company. Thus it will be seen that the complaint filed by plaintiffs is not involved in this proceeding.

Plaintiffs maintain the gas company was careless and negligent in the laying and upkeep of the pipeline and, therefore, liable in damages.

The gas company maintains that if the explosion that injured plaintiffs resulted from gas escaping from the company's mains and service pipes, it was caused by the negligence of the contractor or the municipal authority or both of them.

The gas company is also claiming from additional defendants damage for injury to its facilities.

1. Defendants' first objection is that original defendant has failed to place a caption on the first count of its complaint.

The complaint bears a general caption naming Fred A. Fetherman et al., plaintiffs, Citizens Gas Company, original defendant, and complainants, additional defendants. It further sets forth the court, the number and term and the form of the action, namely, trespass. Directly beneath this caption is found the following heading: "Original Defendant's Complaint against Additional Defendants." It appears to us that original defendant has supplied all the information required under the Pennsylvania Rules of Civil Procedure. The

pleading shows that plaintiff is Citizens Gas Company, original defendant, and is against both additional defendants. Undoubtedly, the form of the pleading could be improved, but we do not believe the defect is sufficient to warrant striking off the complaint. There is no resultant injury to these defendants: Weidner v. Augustine Construction Co., 57 D. & C. 3, 8. We do not construe Pa. R. C. P. 1020(a) and Pa. R. C. P. 1041, cited by defendants, as related to the matter of "caption". Pa. R. C. P. 1018 relates to this subject.

2. The same reasoning applies to the second preliminary objection as to the first.

3. Defendants' third objection is that paragraphs 1 through 9 of the complaint are concerned with damage caused to plaintiffs (Fetherman et al.) by the gas explosion and paragraph 10 concerns itself with damages caused the gas company itself; that paragraph 10 is a statement of a new cause of action and, therefore, must be stated in a separate count and captioned as to the names of parties involved, under Pa. R. C. P. 1020(a).

The matter of caption has been disposed of in objection no. 1. We will consider the remaining question.

Pennsylvania R. C. P. 1044 provides:

"The plaintiff may state in his complaint two or more causes of action in trespass, triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences."

Does this rule remove actions in trespass from the requirement of Pa. R. C. P. 1020(a) that each cause of action shall be stated in a separate count? We believe not. The rule does not deal with the form of pleading. It merely authorizes the stating of more than one cause of action in a single complaint, without specifying the manner in which it shall be done. Pa. R. C. P. 1041 and Pa. R. C. P. 1020(a) provide for the form of pleading: 1 Goodrich-Amram, sec.

1044-3. Original defendant has cited Porter v. Arnold, 63 D. & C. 109, 117, holding that in trespass separate counts are not required. Although we have the highest regard for Judge Sweney's opinions, we believe in the interest of uniformity of pleading the interpretation set forth in Goodrich-Amram, sec. 1044-2, should control and the action should be set forth in a separate count. . . .

The remaining objections relate to the motion for more specific complaint. . . .

10. Defendants' tenth objection is to paragraph 6 of the complaint, which is as follows:

"The nature of the work and the manner in which it was performed by the contractor and the municipal authority resulted in the dislocation of and damage to the gas company's gas mains and to the service pipes leading from said mains to the property of the consumers."

Pennsylvania R. C. P. 1019 (a) provides as follows:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

This paragraph is lacking in statement of material facts. It should state facts as to how the work damaged the gas lines, the extent of the injury and the general location of the injury. The extent of the injury is important as it bears on the question as to whether or not the injury to the pipes caused the explosion. . .

### Order

And now, November 21, 1956, preliminary objections filed by Harry DePue and David R. Diehl, individually and trading as DePue and Diehl, and Stroudsburg Municipal Authority, nos. 3, 5, 7 and 10, are sustained; all other exceptions are dismissed and original defendant is allowed 20 days to file an amended complaint in accordance with this opinion, otherwise complaint stricken.